UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODOLFO ELIAS GOMEZ MAGANA (A-206-477-936),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION CENTER, et al.,<br>Respondents. | No. 1:26-cv-04857 DAD CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner Rodolfo Elias Gomez Magana (A-206-477-936), a citizen and native of El Salvador, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner entered the United States on or around January 28, 2014 as an unaccompanied minor. On March 23, 2023, petitioner was granted Legal Permanent Resident status. On May 22, 2025, petitioner was convicted of five crimes in state court in Broward County, Florida. On November 12, 2025, petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") officials. This habeas action concerns petitioner's detention. For the reasons that follow, the Court recommends that petitioner's claim challenging his detention pursuant to 1226(c) be dismissed without prejudice, respondents' motion to dismiss be denied, and petitioner receive a bond hearing.

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. FACTUAL BACKGROUND

Petitioner is a national and citizen of El Salvador. (ECF No. 7-3 at 1.) Petitioner entered the United States on or around January 28, 2014 as an unaccompanied minor. (Id. at 2.) On March 22, 2023, petitioner was granted Legal Permanent Resident status. (Id. at 3.) On July 10, 2024, petitioner was charged with five crimes in the Seventh Judicial Circuit Court for Broward County, Florida: (1) witness tampering in violation of Florida Statute 914.22(1)(e) and Florida Statute 914.22(2)(b), (L4); (2) aggravated assault with a deadly weapon, in violation of Florida Statute 784.011, Florida Statute 784.021(1)(a), Florida Statute 784.021(2) and Florida Statute 921.0024(1)(b), (L6); (3) false imprisonment in violation of Florida Statute 787.02(2) and Florida Statute 921.0024(1)(b), (L6); (4) battery (child present) in violation of Florida Statute 784.03(1) and Florida Statute 741.283; and (5) culpable negligence in violation of Florida Statute 784.05(1). (ECF No. 7-2 at 12-13.) On May 22, 2025, petitioner was convicted of these charges and sentenced to probation. (Id. at 1-10.) On November 12, 2025, petitioner was detained by ICE officials at the Florida Department of Corrections office while reporting for his probation appointment. (ECF No. 7-3 at 2.) Petitioner has been in continuous detention since November 12, 2025. (ECF No. 1 at 5.)

## II. PROCEDURAL BACKGROUND

On June 24, 2026, petitioner filed the petition for writ of habeas corpus and a motion for appointment of counsel. (ECF Nos. 1, 3.) On June 30, 2026, respondents filed a motion to dismiss. (ECF No. 7.) On July 13, 2026, petitioner filed a reply and a second motion for appointment of counsel. (ECF Nos. 8, 9.) Briefing is now complete.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the

Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must not dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondents' motion to dismiss, or after an answer to the petition has been filed.

## IV. DISCUSSION

The petition raises one claim for relief: petitioner's prolonged detention violates the Fifth Amendment Due Process Clause. (ECF No. 1 at 16-17.) Respondents argue that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c). (ECF No. 7 at 2.) Respondents further argue that petitioner should be required to challenge whether he is subject to mandatory detention under § 1226(c) before the immigration court in a Joseph hearing. (Id.) See Matter of Joseph, 22 I & N Dec. 799 (BIA 1999). Respondents contend that petitioner's continued detention does not violate due process. (Id. at 3-4.)

### A. Statutory Basis for Detention

In analyzing petitioner's challenge to his detention, the Court "must first identify the statutory provision that purports to confer" authority for his detention. Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). 8 U.S.C. § 1226(c) "carves out a statutory category of [noncitizens] who may not be released under § 1226(a)," mandating detention for an alien apprehended under § 1226 "who falls into one of several enumerated categories involving criminal offenses." Jennings v. Rodriguez, 583 U.S. 281, 289 (2018) (emphasis in original).

Respondents argue that petitioner is detained pursuant to 8 U.S.C. § 1226(c), which mandates detention of noncitizens convicted of crimes involving moral turpitude or aggravated felonies during removal proceedings. (ECF No. 7 at 2.) Respondents argue that petitioner's "convictions for aggravated assault and false imprisonment incontrovertibly trigger this statutory requirement." (Id.) Respondents do not address under which section of § 1226(c) petitioner's conviction for false imprisonment warrants detention. Without elaboration, respondents argue that petitioner's conviction for aggravated assault in violation of Florida Statute 784.021 is "considered a crime of violence under 8 U.S.C. § 1101(a)(43)(F)" and is "classified as a crime of violence under 18 U.S.C. § 16 and carries a term of imprisonment of at least one year." (Id.)

While the petition did not raise a claim challenging the validity of petitioner's detention under 8 U.S.C. § 1226(c), in the reply petitioner argues that his conviction for violating Florida Statute 784.021 does not qualify as a crime of violence because he was sentenced to three years' probation for this offense.[2] (ECF No. 9 at 1-2.) As stated above, in the answer, respondents argue that such a claim should be dismissed based on petitioner's failure to exhaust administrative remedies by requesting a Joseph hearing. (ECF No. 7 at 2.)

Section 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc.,

[2] Section 1226(c) contains several subsections delineating the different categories of noncitizens that are subject to mandatory detention during the pendency of their removal proceedings. 8 U.S.C. § 1226(c)(1)(B) provides for mandatory detention of any noncitizen who is inadmissible by reason of having committed an aggravated felony, pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), which is defined in 8 U.S.C. § 1101(a)(43)(F), as a crime of violence (as defined by 18 U.S.C. § 16) for which the term of imprisonment is at least one year. Section 1226(c)(1) also states that each of the enumerated grounds apply "without regard to whether the [noncitizen] is released on parole, supervised release, or probation, and without regard to whether the [noncitizen] may be arrested or imprisoned again for the same offense." 8 U.S.C. § 1226(c)(1).

811 F.2d 1209, 1223 (9th Cir. 1987)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id. "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted).

Under the circumstances of this case, this Court finds that petitioner should not be excused from exhausting administrative remedies as to the claim raised in the reply challenging his detention pursuant to 8 U.S.C. § 1226(c). See Buckley v. Chestnut, 2026 WL 1030931, at *2-4 (E.D. Cal. Apr. 16, 2026) (court declined to waive the prudential exhaustion requirements because petitioner's appeal of his Matter of Joseph hearing was pending). At a Joseph hearing, petitioner "may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." See Demore v. Kim, 538 U.S. 510, 514 n.3 (2003) (citing 8 C.F.R. § 3.19(h)(2)(ii) (2002)). The Joseph hearing process enables petitioner to challenge his mandatory detention under § 1226(c), and the immigration court has the expertise necessary to develop the record and reach a proper decision. Relaxing the exhaustion requirement under these circumstances would encourage others to bypass the administrative exhaustion process. Finally, in this case administrative review is likely to allow the agency to correct its own mistakes and thus avoid the need for judicial review.

"If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies,'" unless exhaustion is excused. Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011)). Petitioner has provided no argument as to why exhaustion should be

excused under the circumstances of his case. Therefore, this Court finds that petitioner's claim challenging his mandatory detention under § 1226(c), raised in the reply, should be dismissed without prejudice based on petitioner's failure to exhaust administrative remedies.

**B. Prolonged Detention**

Petitioner raises a Fifth Amendment due process claim for prolonged detention. (See ECF No. 1 at 16-17.) For the purposes of analyzing petitioner's prolonged detention claim, this Court assumes without deciding that petitioner is detained pursuant to § 1226(c).

While the Supreme Court has rejected a facial challenge to mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510 (2003), an as applied challenge is not foreclosed and Justice Kennedy's concurring opinion in Demore specifically noted that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as [Kim] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Id. at 532. In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)." Loba L.M. v. Andrews, et al., No. 1:25-cv-0611 JLT SAB, 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), report and recommendation adopted, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025); see Avilez, 69 F.4th at 538 (declining to determine whether due process requires a bond hearing for noncitizens detained pursuant to § 1226(c)). "Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), the First, Second, and Third Circuits have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention . . . under [section 1226(c)].'" Loba L.M., 2025 WL 2939178, at *5 (quoting Reid v. Donelan, 17 F.4th 1, 7 (1st Cir. 2021); citing Black v. Decker, 103 F.4th 133, 138 (2d Cir. 2024) ("conclud[ing] that a noncitizen's constitutional right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing"); German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after Demore and Jennings, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention

becomes unreasonable)). "[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" Martinez v. Clark, No. 2:18-cv-01669-RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation adopted, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); see also Loba L.M., 2025 WL 2939178, at *5. This Court joins other courts that have found that unreasonably prolonged detention pursuant to § 1226(c) without a bond hearing can violate due process. See Keo v. Chestnut, et al., No. 1:26-cv-1192 DJC CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026); Loba L.M., 2025 WL 2939178, at *5.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary." Tinoco v. Noem, 2025 WL 3567862, at *5 (E.D. Cal. Dec. 14, 2025) (citing Zadvydas, 533 U.S. at 690).

The Court analyzes petitioner's due process claim "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)). The Court concludes that petitioner has a protected liberty interest in his freedom from detention. See Keo, 2026 WL 747117, at *2 (concluding clear liberty interest in freedom from detention where petitioner was detained pursuant to § 1226(c) for over 37 months). Petitioner has been detained almost ten

months.[3] This exceeds the time period the Supreme Court noted in Demore: "the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal." Demore, 538 U.S. at 530.

Next, the Court turns to what procedures are necessary to ensure that the deprivation of the protected liberty interest meets the demands of the Constitution. The Ninth Circuit has "regularly applied Mathews v. Eldridge, 424 U.S. 319 (1976), to due process challenges to removal proceedings." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022); see also Hernandez v. Sessions, 872 F.3d 976, 993 (9th Cir. 2017) (applying Mathews factors in immigration detention context). In applying the Mathews test to a procedural due process claim challenging immigration detention, the Ninth Circuit explained that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context." Rodriguez Diaz, 53 F. 4th at 1206-07 (citations omitted). Under Mathews, the Court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest.[4] Mathews, 424 U.S. at 335.

First, petitioner has a clear interest in remaining free from detention. "Freedom from imprisonment -- from government custody, detention, or other forms of physical restraint -- lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690 (citing Foucha, 504 U.S. at 80 ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause.); Hernandez, 872 F.3d at 981 ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process.").

---

[3] In the answer, respondents incorrectly claim that petitioner has been detained since May 10, 2026. (ECF No. 7 at 1.) This appear to be a typographical error.

[4] "District courts within this Circuit have adopted a variety of multi-factor tests for determining at what point a noncitizen detained pursuant to a mandatory detention statute is constitutionally entitled to a bond hearing." Mohammed v. Warden of California City Detention Center, No. 1:26-cv-0118 DJC CSK, 2026 WL 192368, at *3 (E.D. Cal. Jan. 26, 2026) (applying Matthews test to prolonged detention claim under § 1225(b)(1)). Cf. Keo, 2026 WL 747117, at *2 (applying seven factor test from Martinez, 2019 WL 5968089, at *7, to prolonged detention claim under § 1226(c)). As the considerations in the various multi-factor tests are relevant to the due process analysis, the Court will address them within the Mathews framework.

This Court finds that the first factor weighs in petitioner's favor.

Second, "[t]he risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has not received any bond or custody redetermination hearing." See A.E. v. Andrews, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690; Padilla v. ICE, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023). Here, petitioner has been detained for almost ten months without a bond hearing to evaluate whether petitioner is a flight risk or a danger to the community. (ECF No. 1 at 5.) It is not this Court's role to determine whether petitioner is a danger or flight risk, and a neutral arbiter may very well determine that petitioner is a danger given his criminal history or a flight risk.

As to the third Mathews factor, this Court recognizes that the government has an interest in enforcing immigration laws and in public safety, but respondent's interest in detaining petitioner without a hearing is "low." Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. Nov. 19, 2019); Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. Mar. 3, 2025). Detention hearings in immigration courts are routine and impose a "minimal cost." Doe, 787 F. Supp. 3d at 1094. Overall, balancing these factors, the Court finds that petitioner is entitled to a bond hearing under the Due Process Clause where he has been detained for almost ten months. See also Jose G. M. L. v. Warden of the Golden State Annex Detention Facility, et al., No. 1:26-cv-0047 TLN EFB, 2026 WL 472987, at *5 (E.D. Cal. Feb. 19, 2026) (granting preliminary injunctive relief for a bond hearing where the petitioner's detention under § 1226(c) exceeded six months).

## V. MOTIONS FOR APPOINTMENT OF COUNSEL

Petitioner filed two motions for appointment of counsel. (ECF Nos. 3, 8.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. Because the Court recommends that petitioner receive a bond hearing, the Court does not find the interests of justice require appointment of counsel at the present time.

Petitioner's motions to appoint counsel are therefore denied without prejudice.

## VI. CONCLUSION

In summary, the Court recommends that petitioner's claim raised in the reply challenging his detention under 8 U.S.C. § 1226(c) be dismissed without prejudice. This Court also recommends that respondents' motion to dismiss petitioner's due process claim be denied and respondents be ordered to provide petitioner with a bond hearing.

Accordingly, IT IS HEREBY ORDERED that petitioner's motions for appointment of counsel (ECF Nos. 3, 8) are denied without prejudice.

Further, IT IS HEREBY RECOMMENDED that:

1. Petitioner's claim challenging his detention under 8 U.S.C. § 1226(c) raised in the reply be dismissed without prejudice;
2. Respondents' motion to dismiss (ECF No. 7) be DENIED.
3. Respondents be ordered to provide petitioner Rodolfo Elias Gomez Magana (A-206-477-936) with a bond hearing before an immigration judge/ neutral decisionmaker within **fourteen (14) days** of the adoption of these findings and recommendations where respondents bear the burden of establishing by clear and convincing evidence that petitioner poses a danger to the community or a risk of flight to justify his continued detention.
4. The Clerk of the Court be directed to enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that

///

///

failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 27, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

maga4857.157.imm.BOND/2