UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODOLFO ELIAS GOMEZ MAGANA,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondent.

No. 1:26-cv-04857-DAD-CSK (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(Doc. Nos. 7, 11)

Petitioner Rodolfo Elias Gomez Magana is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17).

On August 27, 2026, the assigned magistrate judge issued findings and recommendations recommending that the pending petition for writ of habeas corpus (Doc. No. 1) be granted in part and that the court order that petitioner be provided with a bond hearing. (Doc. No. 11.) Specifically, the magistrate judge concluded that petitioner's statutory challenge to the applicability of 8 U.S.C. § 1226(c) in this case should be dismissed for failure to exhaust

/////

/////

administrative remedies,[1] but that petitioner's prolonged detention due process claim was meritorious and he was therefore entitled to a bond hearing at this time. (*Id.* at 3–9.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service. (*Id.* at 10.) On September 2, 2026, respondent filed objections to the pending findings and recommendations. (Doc. No. 12.)

In its first objection, respondent argues that petitioner does not possess a liberty interest because he has incurred qualifying convictions that subject him to mandatory detention pursuant to 8 U.S.C. § 1226(c). (*Id.* at 1–2.) In the findings and recommendations, the magistrate judge assumed without deciding that § 1226(c) applied to petitioner's detention, found that he has been detained since November 12, 2025 without having received a bond hearing, and concluded that petitioner has a liberty interest in freedom from unreasonably prolonged detention without a hearing. (Doc. No. 11 at 2, 6–7, 9.) As one judge of this court has recently stated: "[t]he Ninth Circuit has recognized that § 1226(c) detainees have a 'liberty interest' in 'freedom from prolonged detention, and other courts in this circuit have recently held that a noncitizen 'has a protected liberty interest in avoiding prolonged detention that has not been justified[.]'" *Arreola Lopez v. Warden, Cal. City*, No. 1:26-cv-03055-KES-EPG (HC), 2026 WL 3121480, at *3 (E.D. Cal. Oct. 19, 2026) (internal citation omitted) (citing cases). The undersigned adopts this analysis and concludes that petitioner has a liberty interest in not being subjected to unjustified prolonged detention. *Basden v. Warden, Golden State Annex*, No. 1:25-cv-00123-KES-EGC (HC), 2026

[1] In the findings and recommendations, the magistrate judge noted that the petition only raises a due process claim, but also observed that petitioner challenged § 1226(c)'s applicability to his detention in his traverse. (Doc. No. 11 at 4.) The magistrate judge construed this argument as a separate claim and recommended dismissing this claim without prejudice to renewal upon a showing that petitioner has exhausted his administrative remedies. (*Id.* at 3–6.) Because the court is ordering the government to provide petitioner with a bond hearing, petitioner should be prepared to exhaust his administrative remedies by seeking a *Matter of Joseph* hearing to establish whether 8 U.S.C. § 1226(c) governs his detention in the event he is denied bond and wishes to challenge his detention on statutory grounds. *See Nguyen v. Warden, Cal. City Det. Facility*, No. 1:26-cv-04390-DAD-CSK, 2026 WL 1852247, at *1 (E.D. Cal. June 26, 2026) (declining to waive exhaustion where the petitioner had not yet received a *Matter of Joseph* hearing to determine whether he was subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)).

WL 2453613, at *3 (E.D. Cal. Aug. 21, 2026) (reaching the same conclusion as to a petitioner who had been detained for approximately 10 months pursuant to § 1226(c) without a bond hearing). Accordingly, the court rejects respondent's first objection as unpersuasive.

In its second objection, respondent argues that petitioner's detention without a bond hearing comports with due process. (Doc. No. 12 at 2.) In support of this objection, respondent cites to the Ninth Circuit's decision in *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022). (*Id.*) Respondent's reliance upon *Rodriguez Diaz* misplaced. In that case, the Ninth Circuit held that procedural due process does not entitle a petitioner who was detained pursuant to § 1226(a) to a second bond hearing where the government must bear the burden of proof by clear and convincing evidence. *Rodriguez Diaz*, 53 F.4th at 1203. Petitioner's circumstances are quite different here.

Further, after conducting a *Mathews* analysis, the magistrate judge correctly concluded that petitioner's prolonged detention claim is meritorious. (Doc. No. 11 at 6–9.) Respondent does not meaningfully engage with the magistrate judge's analysis on this point. Moreover, other courts have likewise concluded that a bond hearing is appropriate where similar, meritorious prolonged detention claims have been advanced. *Basden*, 2026 WL 2453613, at *4–5 (concluding that the *Mathews* factors weighed in favor of granting a bond hearing for a petitioner who had been detained for ten months without an opportunity to contest his detention); *see also Martinez v. Clark*, No. 18-cv-01669-RAJ-MAT, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019) (noting that essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process."), *report and recommendation adopted*, No. 18-cv-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019). Accordingly, the court rejects respondent's second objection as unpersuasive as well.

Finally, in the third objection, respondent in conclusory fashion and with no explanation states objection to the findings and recommendations "to grant the habeas petition for the reasons stated in the government's responsive pleadings and for the reasons indicated herein." (Doc. No. 12 at 3.) The court is left to guess what respondent means in advancing that objection. Certainly,

that objection provides no legitimate basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For these reasons,

1. The findings and recommendations issued on August 27, 2026 (Doc. No. 11) are ADOPTED in full;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED in part as follows:
    a. Respondent is ORDERED to provide petitioner Rodolfo Elias Gomez Magana, A-File No. 206-477-936, with a bond hearing before an immigration judge within twenty-one (21) days of the date of entry of this order, absent a stipulation to another date by the parties;
    b. At that hearing, respondent will bear the burden of establishing that petitioner poses a danger to the community or a risk of flight by clear and convincing evidence;
    c. Petitioner's claim challenging his detention pursuant to 8 U.S.C. § 1226(c) is DENIED without prejudice to the renewal or filing of such a claim upon a showing that petitioner has exhausted his administrative remedies;
    d. Petitioner's request for release is DENIED;
3. Respondent's motion to dismiss (Doc. No. 7) is DENIED;
4. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

/////

/////

/////

/////

5. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 19, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE